**Charles Curtis HARRIS, Petitioner,**

v.

**Earl ALLEN, Respondent.**

**No. CIV–89–1048–R.**

United States District Court, W.D. Oklahoma.

Aug. 17, 1989.

Charles Curtis Harris, pro se.

Robert H. Henry, Atty. Gen., Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER OF DISMISSAL

DAVID L. RUSSELL, District Judge.

Petitioner, appearing *pro se* and *in forma pauperis*, brings this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondent has filed his Rule 5 response to the petition, and the Petitioner has replied thereto. Thus the matter is at issue. The Court determines that an evidentiary hearing is not necessary, as the issues can be resolved on the basis of the record. *See Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Cartwright v. Maynard*, 802 F.2d 1203, 1216 (10th Cir.1986), *aff'd*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).

In this proceeding, Petitioner attacks his conviction in Case No. CRF–87–1358, District Court of Oklahoma County, Oklahoma, wherein a jury found Petitioner guilty of the offense of driving under the influence of intoxicating liquor, and he was sentenced on June 19, 1987 to five years imprisonment.

An examination of the record reflects that the Petitioner discharged the sentence under attack on January 25, 1989, and the present petition was not filed until

June 16, 1989. The Respondent thus claims that the petition should be dismissed because this Court does not have jurisdiction pursuant to 28 U.S.C. § 2254(a). As a prerequisite to this Court's assumption of jurisdiction over any habeas corpus claim, it is necessary that the Petitioner be "in custody" under the judgment he attacks. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

In the recent case of *Maleng v. Cook*, —— U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (*per curiam*), the Supreme Court held that when a sentence has fully expired prior to the filing of a habeas petition, the collateral consequences of that conviction are not sufficient to render a petitioner "in custody" for purposes of habeas corpus jurisdiction, even when the prior conviction is used to enhance punishment on a later conviction for which the petitioner is presently incarcerated. The Court held that "custody" could only be established under the sentence that he was serving at the time that his petition was filed, or pursuant to a detainer for a sentence which he had yet to serve. *Id., citing Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

Thus, this petition, attacking a judgment for which the sentence has completely expired, must be dismissed for lack of jurisdiction as the Petitioner does not satisfy the "in custody" requirement.

▪ The Supreme Court in *Maleng*, consistent with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), liberally construed the petition before it, and deemed the petition to allege an attack upon the subsequent conviction, on which petitioner was "in custody." Because insufficient allegations are included in the petition in this case concerning the subsequent conviction, an amendment to the petition would be necessary before proceeding, in order to allow the state to assert possible defenses or objections such as venue, 28 U.S.C. § 2241(d), successive petition under Rule 9(b), Rule Governing Section 2254 Cases, or failure to exhaust state remedies, 28 U.S.C. § 2254(b), (c).

Moreover, a construction rendering this petition an attack upon Petitioner's later conviction might have the effect of barring Petitioner from presenting other objections to that conviction that were not included in this petition. Rule 9(b), Rules Governing Section 2254 Cases. Since proceeding with this case could foreclose Petitioner's rights in the future without any savings in time or resources, the Court will not construe this petition as attacking Petitioner's subsequent conviction. This dismissal does not prevent the Petitioner from filing an appropriate petition attacking his current conviction. However, the Court does not intend any comment on the extent to which the expired conviction may be challenged in a separate attack on the current custodial sentence. *Maleng v. Cook*, 109 S.Ct. at 1927.

In accordance with the foregoing, the Court finds that Petitioner is not "in custody" under the conviction attacked in this case and the Court is therefore without jurisdiction to consider the petition. Thus, the petition is dismissed. Based upon this ruling, Petitioner's motion for appointment of counsel is denied.

IT IS SO ORDERED.