**Kirk Wayne BROGIE, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–88–302.**

Court of Criminal Appeals of Oklahoma.

Aug. 15, 1988.

Rehearing Dismissed Sept. 21, 1988.

ORDER GRANTING IN PART AND DE-NYING IN PART POST–CONVIC-TION RELIEF

The petitioner has appealed to this Court from an order of the District Court of Cleveland County, on March 23, 1988, denying his application for post-conviction relief in Case No. CRF–79–640. Of the many assignments of error which petitioner has raised, we find only one which has merit.

On March 28, 1980, petitioner was convicted by a jury of First Degree Felony Murder in the District Court of Cleveland County. The petitioner was sentenced to death. The only aggravating circumstance found by the jury was that the murder was "especially heinous, atrocious or cruel." The instruction given by the trial court in petitioner's case, a correct instruction at that time, concerning that aggravating circumstance was the same instruction that the United States Supreme Court later held to be unconstitutionally vague in *Maynard v. Cartwright,* —— U.S. ——, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). The instruction failed to channel or limit the sentence's discretion during the imposition of the death penalty.

In *Stouffer v. State,* 742 P.2d 562 (Okl. Cr.1987), this Court limited the aggravating circumstance of "especially heinous, atrocious or cruel" to those cases which involve torture or serious physical abuse. Insomuch as the trial court's instruction omitted the second paragraph of OJJI–CR 436 (1981), we must modify petitioner's sentence to life imprisonment in accordance with *Maynard v. Cartwright, supra.*

IT IS THEREFORE THE ORDER OF THIS COURT, that the order of the District Court is AFFIRMED and petitioner's sentence is modified to life imprisonment.

IT IS SO ORDERED.

BRETT, P.J., and BUSSEY and PARKS, JJ., concur.