I join Justice Robertson's dissent insofar as he is of the view this case should be reversed.
Wittingly or not, the channeling of jury discretion by the U.S. Supreme Court may very well "channel" us out of the death penalty. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
In the sentencing phase of a capital murder trial, when the only question before the jury is to decide whether the murderer will *Page 1367 
be sentenced to death or to life imprisonment, I can think of no more important factor for the jury to consider than the circumstances surrounding the murder. Indeed, I do not know how the jury can escape thinking about how the victim was murdered.
Yet, we must now try and explain what "especially heinous, atrocious or cruel" mean with some specificity.
The jury should consider something of this nature, but trying to define it further is about like trying to define "beyond a reasonable doubt" further. These are plain words, not susceptible of plainer explanation, and their impact should be left for the jury to decide. Any attempt at delineation either dilutes or diverts their meaning.
What will the trial court be permitted to instruct the jury they may consider about this most important factor, the circumstance of the murder?
I wish the jury were permitted in each case to consider whether the murder indeed was "especially heinous, atrocious, or cruel." This is a serious question each juror should answer, and I do not think either of these words needs further refinement.
The U.S. Supreme Court having determined, however, in Maynardv. Cartwright, 486 U.S. ___, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), that these words do not constitute a valid factor in the jury's determination, I am compelled to vote to reverse. That Court having stated the jury should not have considered these words, only the trial jury — and certainly not this Court — could answer whether the absence of this factor from their consideration would have made a difference.