21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Casson Lee GLICK, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-3297.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 SEYMOUR
 
 1
 Petitioner Casson Lee Glick, appearing pro se and seeking leave to proceed in forma pauperis, appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. 2241, claiming the district court erred when it denied him an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 On March 3, 1980, Petitioner was paroled from a bank robbery sentence and began serving a parole violator term based on a prior conviction. On August 8, 1980, he was paroled to the community. When he failed to meet the conditions of this parole, the United States Parole Commission issued a parole violator warrant on September 19, 1980. The warrant instructed the United States Marshal's Service to assume custody as soon as possible, but if Petitioner was in custody on another charge, the Marshal's Service should lodge a detainer and notify the Parole Commission.
 
 
 3
 On October 10, 1980, the Marshal's Service notified the Parole Commission that Petitioner had been arrested for possessing a firearm. On October 31, 1980, the Parole Commission issued a supplemental parole violator warrant, adding to Petitioner's list of parole violations: leaving the supervision district without permission and possession of a firearm. Petitioner was convicted of the felon in possession of a firearm charge and sentenced to fifteen years imprisonment.
 
 
 4
 On January 27, 1981, Petitioner escaped from prison. He was subsequently apprehended, and on March 10, 1982, the Parole Commission again issued a supplemental parole violator warrant, adding to his list of parole violations: escape, attempted murder, assault, felon in possession of a firearm, possession of a controlled substance, and unauthorized use of a vehicle. On July 15, 1982, the parole violator warrant was placed as a detainer against Petitioner.
 
 
 5
 Petitioner disputes the date of execution of this parole violator warrant. He contends that the Marshal's Service executed the parole violator warrant on April 27, 1982 and asserts that he was entitled to an evidentiary hearing to determine the date of execution. An evidentiary hearing is not required in a habeas case if the issues can be resolved on the basis of the record and the law. Cartwright v. Maynard, 802 F.2d 1203, 1216 (10th Cir.1986), aff'd, 486 U.S. 356 (1988). Because the record clearly indicates that the parole violator warrant was executed on April 20, 1990, as evidenced by the Marshal's Service's completed return indicating execution on that date, the district court was not required to hold an evidentiary hearing.
 
 
 6
 In the absence of "an arguable basis in law or in fact," petitioner's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C.1915(d).
 
 
 7
 SO ORDERED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument