**UNITED STATES of America**

v.

**Robert STARR, William James McCranie, and Troy Allen Kyser a/k/a "Troy Spain," Defendants.**

**No. 5:96–CR–21(DF).**

United States District Court, M.D. Georgia, Macon Division.

Oct. 30, 1996.

---

Edward Scott Sell, III, Macon, GA, for Macon Telegraph Publishing Company, Inc., Multimedia WMAZ, Inc.

Althea L. Buafo, Macon, GA, Lawrence Scott McLarty, Athens, GA, Nancy Lord, Macon, GA, for Robert Starr.

Dana Prophett Johnson, Brian T. Randall, Macon, GA, for William James McCranie, Jr.

Gregory John Spicer, Macon, GA, for Troy Allen Kyser, a/k/a Troy Spain.

Samuel Allen Wilson, Jr., Sharon T. Ratley, Macon, GA, for U.S.

FITZPATRICK, District Judge.

Defendant Robert Starr has moved to dismiss Count V of the indictment against him on the grounds that 18 U.S.C. §§ 921(a)(30)(B)(ii) and (iv) are void for vagueness. Count V states that Defendant Starr knowingly and unlawfully manufactured and possessed a semiautomatic assault weapon in violation of 18 U.S.C. § 922(v)(1) in connection with 18 U.S.C. § 924(a)(1)(B). "Semiautomatic assault weapon" is defined at 18 U.S.C. § 921(a)(30)(B):

(30) The term "semiautomatic assault weapon" means—

(B) a semiautomatic rifle that has an ability to accept a detachable magazine and has at least 2 of—

(i) a folding or telescoping stock;

(ii) a pistol grip that protrudes conspicuously beneath the action of the weapon;

(iii) a bayonet mount;

(iv) a flash suppressor or threaded barrel designed to accommodate a flash suppressor; and

(v) a grenade launcher.

The Government contends that the rifle found in Defendant Starr's possession is a semiautomatic rifle that has an ability to

accept a detachable magazine and has (1) a pistol grip that protrudes conspicuously beneath the action of the weapon, and (2) a threaded barrel designed to accommodate a flash suppressor. Defendant Starr contends that the statute is unconstitutionally vague because an ordinary person would not know whether his rifle had a "conspicuously protruding pistol grip" or a "threaded barrel designed to accommodate a flash suppressor."

■ "A statute is not unconstitutionally vague if it 'define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *United States v. Waymer,* 55 F.3d. 564, 568 (11th Cir.1995), *cert. denied* — U.S. —, 116 S.Ct. 1350, 134 L.Ed.2d 519 (1996), quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Because the statute at issue does not involve the First Amendment, the court must review the statute *as it was applied in this case. United States v. Awan,* 966 F.2d 1415, 1424 (11th Cir.1992), citing *Maynard v. Cartwright,* 486 U.S. 356, 356–59, 108 S.Ct. 1853, 1855–56, 100 L.Ed.2d 372 (1988). *See also Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) ("vagueness claim must be evaluated as the statute is applied to the facts of [the] case" when "First Amendment freedoms are not infringed by the statute"). "In other words, [the court] need only examine the vagueness of the statute in light of the particular facts of this case." *Waymer,* 55 F.3d at 568.

■ The pistol grip on the rifle at issue unmistakably "protrudes conspicuously beneath the action of the weapon." The grip is clearly separate from the stock of the rifle and is large enough for one to place his entire hand around. Much of the testimony presented to the court on this issue focused on whether Defendant Starr's alleged alterations to the stock of the rifle changed the length or characteristics of the rifle's grip.

However, whether the rifle had a "conspicuously protruding pistol grip" when it was sold is irrelevant.[1] The only relevant issue is whether the rifle had a conspicuously protruding pistol grip when it was found in Defendant Starr's car. Upon careful examination of the rifle as it appears now and the picture of the rifle as it was sold, the court concludes that, while there may have been some doubt as to whether the rifle had a conspicuously protruding pistol grip when it was sold, that doubt was removed when the wooden bridge that connected the pistol grip to the stock was removed. An ordinary person would, upon examining Defendant Starr's rifle in the condition it is presently in, conclude that the rifle has a conspicuously protruding pistol grip. Consequently, the provision at 18 U.S.C. § 921(a)(30)(B)(ii) is not unconstitutionally vague.

■ Likewise, the provision at 18 U.S.C. § 921(a)(30)(B)(iv) is not unconstitutionally vague. The court has no difficulty finding that an ordinary person examining Defendant Starr's rifle would conclude that the rifle, in its present condition, has a "threaded barrel designed to accommodate a flash suppressor." The end of the rifle's barrel is clearly threaded, and the threads are the type of threads which can readily accommodate a flash suppressor. Throughout the trial, Defendant Starr's counsel has argued to the court that the barrel of the rifle was threaded when it was sold to Defendant Starr. The court disagrees with this argument. The testimony given at trial was that the barrel of the rifle had a metal cap welded onto it at the time it was sold. This cap covered the threads and prevented the rifle from accepting a flash suppressor. The rifle found in Defendant Starr's automobile had the cap removed, thereby exposing the threads and allowing the rifle to accept a flash suppressor. An ordinary person, looking at the rifle in its present condition, would reasonably conclude that the rifle has the characteristic described in 18 U.S.C. § 921(a)(30)(B)(iv).

---

**1.** The irrelevance of this argument is made clear by the fact that the pistol grip alone does not qualify the rifle as a semiautomatic assault weapon. The pistol grip *in conjunction with* the threaded barrel are the characteristics that qualify the weapon as a semiautomatic assault weapon. Therefore, whether the rifle had a pistol grip at the time it was sold is of no consequence. As explained below, the rifle clearly did not have a conspicuously protruding pistol grip *and* a threaded barrel designed to accommodate a flash suppressor.

The argument of the defense appears to be that Defendant Starr legally purchased the rifle at issue and that he was unaware that the "insignificant" alterations made to the rifle transformed the rifle from a weapon he could legally possess to a semiautomatic assault weapon. The court does not agree with this argument. The regulation of firearms by the federal government is a widely known fact. Once a person chooses to possess a rifle that has had parts of the stock removed and a welded portion of the barrel removed, he runs the risk of the weapon no longer falling into the class of rifles which are legal to possess. See *Boyce Motor Lines v. United States,* 342 U.S. 337, 340, 72 S.Ct. 329, 331, 96 L.Ed. 367 (1952) ("Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.")

For all the reasons stated above, the court finds that an ordinary person could, upon reading the statute at issue, understand that the rifle in Defendant Starr's possession was a semiautomatic assault rifle. Accordingly, the statute is not unconstitutionally vague and Defendant Starr's motion is hereby **DENIED.**