## STATE OF CONNECTICUT *v.* ROBERT BRETON
## (SC 15876)

The defendant's motion for review of the trial court's denial of his motion for articulation is granted. The relief requested is denied.

BERDON, J., dissenting. When the state decides to kill a human being, that person should at least be entitled to know the factual basis underlying that decision. Putting aside the concerns for the condemned person, this court is required to have that factual basis in order for a meaningful appellate review of the sentence of death. See *Woodson* v. *North Carolina*, 428 U.S. 280, 303, 96 S. Ct. 2978, 49 L. Ed. 2d 944 (1976). The majority's decision today not to order an articulation of the factual predicate underlying the three judge panel's finding of an aggravant and no mitigant, just adds to the arbitrariness of the imposition of the death penalty; see *State* v. *Cobb*, 251 Conn. 285, 524–30, 743 A.2d 1 (1999) (*Berdon, J.*, dissenting); and ignores the mandate of the legislature. See General Statutes (Rev. to 1987) § 53a-46a.[1]

---

[1] Pursuant to General Statutes (Rev. to 1987) § 53a-46a (e), the sentencer in a capital penalty hearing "shall return a special verdict setting forth its findings as to the existence of any aggravating or mitigating factor." Additionally, Practice Book § 64-1 (a) mandates that "[t]he court shall state its decision either orally or in writing . . . (2) in ruling on aggravating and mitigating factors in capital penalty hearings conducted to the court . . . . The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ."

While we discuss the statute as it existed at the time of the commission of the crime in this case, we note that the current revision of the statute still requires the sentencer to "[set] forth its findings" with regard to aggravants and mitigants. See General Statutes § 53a-46a (e).

In rendering the special verdict, the three judge panel stated: "With respect to the alleged aggravating factor, the court finds [that] the state has proven beyond a reasonable doubt that the defendant committed both murders in an especially cruel manner as per [General Statutes (Rev. to 1987)] § 53a-46a (h) (4) . . . ." Following the lead of Florida, this court (over the dissent of Justice Robert D. Glass[2]) had taken it upon itself to define the aggravant of "especially cruel" to mean "the intentional infliction of extreme pain or torture above and beyond that necessarily accompanying the underlying killing." *State* v. *Breton*, 212 Conn. 258, 270, 562 A.2d 1060 (1989). The panel in this case made no factual findings to support its conclusion that the murders were "especially cruel," notwithstanding the defendant's timely motion for articulation.

Likewise, the panel, with respect to its finding that the defendant failed to prove by a fair preponderance of the evidence a mitigating factor, merely stated: "Regarding mitigation, first, the statutory mitigating factors alleged, the court finds that the defendant has failed to prove either of the alleged statutory mitigating factors by a fair preponderance of the evidence."[3] The

[2] "[B]ecause the phrase 'especially cruel' is constitutionally inadequate; *Maynard v. Cartwright*, [486 U.S. 356, 108 S. Ct. 1853, 100 L. Ed. 2d 372 (1988)]; I would find no error in the trial court's decision dismissing the capital felony prosecution." *State v. Breton*, 212 Conn. 258, 281, 562 A.2d 1060 (1989) (*Glass, J.*, dissenting).

[3] The panel found: "With respect to the nonstatutory mitigating factors the court finds proven by a fair preponderance of the evidence the following: number one, that the defendant was neglected, abandoned and the product of an abusive family unit during his childhood; number two, that the defendant has been a model prisoner at all times since his incarceration for the murders; number three, that he dropped out of school at age sixteen; and number four, that he was a good employee and a productive worker. The court further finds, however, that none of these factors either alone or in combination constitutes a mitigating factor considering all the facts and circumstances of this case. And that concludes the special verdict." *State* v. *Breton*, Superior Court, judicial district of Waterbury, Docket No. CR4147941 (April 23, 1997).

panel never explained the reason for not finding that the defendant had failed to prove that "his mental capacity was significantly impaired." General Statutes (Rev. to 1987) § 53a-46a (g) (2). This is so, even though there was an abundance of testimony from two psychiatric experts, Walter Borden and Anne Phillips, that the defendant was severely mentally ill and suffered from mixed personality disorder, severe, with borderline, depressive, paranoid and schizoid features.

This court's decision on this motion does not surprise me in view of the advocacy of the majority with respect to the death penalty passing constitutional muster. Common decency requires that those who have sentenced a human being to this ultimate penalty at least be required to articulate the factual basis of their findings.

Accordingly, I dissent.

*Mark Rademacher*, assistant public defender, in support of the motion.

*Harry Weller*, senior assistant state's attorney, in opposition.

December 13, 1999