LUCERO, Circuit Judge,
concurring.
I join the majority opinion. I am in agreement that the victim in the present case, Kathy Busch, experienced conscious suffering sufficient to meet the “torture or serious physical abuse” standard required to prove the “heinous, atrocious, or cruel” aggravating circumstance, particularly under the deferential AEDPA standard we apply when reviewing the Oklahoma sentencer’s findings of fact. I write separately, however, to note that, in order to conduct a proper analysis of the sentencer’s application of the “heinous, atrocious, or cruel” aggravator, I think it essential to set forth the Oklahoma test for conscious suffering we have found to satisfy the requirements of the Eighth Amendment. Thus, to evaluate whether the “heinous, atrocious, or cruel” aggravating circumstance was properly applied, we must examine the state court’s findings as to the duration of conscious suffering on the part of the victim.
Under the Eighth Amendment, applying the narrowing construction of the aggravating circumstance in a manner that permitted Oklahoma courts to find “torture or serious physical abuse” based merely on the brief period of conscious suffering necessarily present in virtually all murders would fail to narrow the sentencer’s discretion as required by Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), and Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), leaving the sentencer “with the kind of open-ended discretion which was held invalid in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).” Maynard, 486 U.S. at 361-62, 108 S.Ct. 1853. In interpreting the limiting construction we approved in Hatch v. State, 58 F.3d 1447, 1468-69 (10th Cir. 1995), the Oklahoma Court of Criminal Appeals (“OCCA”) has identified two kinds of cases in which “torture or serious physical abuse” is present: those characterized by the infliction of “great physical anguish” and those characterized by the infliction of “extreme mental cruelty”. Cheney v. State, 909 P.2d 74, 80 (Okla.Crim. App.1995). In the mental cruelty context, the OCCA has emphasized that the torture required for finding the “heinous, atrocious, or cruel” aggravator “must produce mental anguish in addition to that which of necessity accompanies the underlying killing.” Turrentine v. State, 965 P.2d 955, 976 (Okla.Crim.App.1998) (quoting Berget v. State, 824 P.2d 364, 373 (Okla.Crim.App. 1991)). As the majority notes “[w]ith respect to the physical anguish branch of the Oklahoma test, ‘[a]bsent evidence of conscious physical suffering by the victim pri- or to death, the required torture or serious physical abuse standard is not met.’ Cheney, 909 P.2d at 80 (quoting Battenfield v. State, 816 P.2d 555, 565 (Okla.Crim.App. 1991)) (internal quotations omitted).” (Maj. Op. at 1321.) There must be conscious suffering of more than the brief duration necessarily accompanying virtually all murders. See Turrentine, 965 P.2d at 976; see also Brown v. State, 753 P.2d 908, 913 (Okla.Crim.App.1988) (refusing to find the aggravator where it could not be ruled out that the victim might have “only survived a few minutes at most” after being attacked) (internal quotation omitted).[1] Were this not so, the narrowing construction would not have the discretion-limiting effect required by Godfrey and Maynard.
The Eighth Amendment therefore requires us to determine whether the state *1325 sentencer’s finding of the “heinous, atrocious, or cruel” aggravator represents the application of a permissible narrowing construction: one requiring evidence of torture or serious physical abuse characterized by conscious suffering on the part of the victim. Absent such evidence, application of the aggravator either would “resulte ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,” 28 U.S.C. § 2254(d)(2), or, if sufficiency of the evidence is treated as a legal question, would “result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,” 28 U.S.C. § 2254(d)(1). See Moore v. Gibson, 195 F.3d 1152, 1176-1177 (10th Cir.1999).[2] In either case, we review whether the sentencer properly found sufficient evidence of torture or serious physical abuse under the deferential “‘rational factfinder’ standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)” by asking “whether, ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the [aggravating circumstance] beyond a reasonable doubt.’ ” Moore, 195 F.3d at 1176 (quoting Jackson, 443 U.S. at 319, 99 S.Ct. 2781) (internal quotations and further citations omitted).
Whether we apply 28 U.S.C. § 2254(d)(1) or (d)(2), I am in agreement that a rational factfinder could conclude that Medlock’s crime involved torture or serious physical abuse characterized by a meaningful period of conscious suffering. The aggravating circumstance thus was properly applied in this case.

. While the OCCA in Berget, 824 P.2d at 373 (quoted in Turrentine, 965 P.2d at 976), stated in the mental torture context that the duration of mental anguish is "irrelevant,” that opinion indicated that the level of tension created between the killer and his victim, rather than duration, is the proper focus of analysis: "Analysis must focus on the acts of the defendant toward the victim and the level of tension created.” Berget, 824 P.2d at 373. But, for there to be such tension, there obviously must be some meaningful period of conscious suffering on the victim's part.

. As the majority correctly notes, "[w]hether Section 2254(d)(1) or 2254(d)(2) applies to our review of the sufficiency of the evidence to support an aggravator is unsettled in our Circuit because we have applied both in the past, sometimes analyzing the sufficiency of the evidence as a factual question and sometimes as a legal question. See Moore v. Gibson, 195 F.3d at 1176-77.” (Maj. Op. at 1321 n. 6.)