UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

AUBREY T. MOORE, III,
　　　　　*Defendant-Appellant.*

No. 01-4643

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-7)

Submitted: January 16, 2002

Decided: February 28, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed in part and vacated in part by unpublished per curiam opinion.

## COUNSEL

Christopher B. Denson, STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellant. Patrick M. Flatley, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

## OPINION

PER CURIAM:

Aubrey Moore, III appeals from his sixty-three month sentence and court-ordered child support payments imposed following his guilty plea to one count of possession of a machine gun in violation of 18 U.S.C.A. § 922(o) (West 2000). Moore challenges the constitutionality of 26 U.S.C.A. § 5845(b) (West 2000), which defines "machine gun" for the purposes of § 922(o). Our review of the record discloses no reversible error with regard to the conviction. However, the district court erred in requiring payment of past child support obligations as a part of the sentence. Therefore we affirm Moore's conviction and sixty-three month sentence, but vacate the district court's order to pay child support.

We find that the definition of a receiver of a machine gun under § 5845(b) satisfies Due Process. Vagueness challenges not threatening First Amendment interests are examined as applied to the facts of the case. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). According to the Firearms Technology Report, openings for the bolt handle slot, magazine port, ejection port, and sear had been cut out of a pipe seized from Moore's residence. Although the openings had not been filed down to final specifications, the slots and openings were properly located and consistent with the slots and openings on a Sten machine gun. Section 5845(b) includes any part designed and intended for use in converting a weapon into a machine gun. Moore's part is clearly a receiver within the statutory definition.

Regarding Moore's claim that he was improperly sentenced, we find no statutory authority to impose back child support payments for this offense and vacate this portion of the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED IN PART*