**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-1345 (RMC)** |
| | ) | |
| **8 GILCREASE LANE, QUINCY,** | ) | |
| **FLORIDA 32351,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

On August 5, 2008, the United States filed a Complaint against certain real properties in Florida and South Carolina, as well as $53 million in funds from ten Bank of America accounts, alleging that such properties and funds are the proceeds of wire fraud and subject to seizure and civil forfeiture *in rem* pursuant to 18 U.S.C. § 981(a)(1)(C). AdSurfDaily, Inc., Thomas A. Bowdoin, Jr., and Bowdoin Harris Enterprises, Inc., the purported owners of the defendant properties, filed a verified claim in August 2008, Dkt. # 6, followed shortly thereafter by a motion seeking the return of the seized funds or, alternatively, to dismiss the Complaint on the theory that the Complaint was not properly verified. *See* Dkt. ## 8 & 9. The Court denied both motions, finding that Claimants were not entitled to the return of the seized properties and that the motion to dismiss lacked merit. *See* Nov. 11, 2008 Mem. Op., Dkt. # 35. Thereafter, Claimant Thomas A. Bowdoin, Jr., proceeding *pro se*,[1] moved to set aside the forfeiture and dismiss the Complaint for lack of jurisdiction, Dkt. #

---

[1] Because Mr. Bowdoin's corporations cannot proceed *pro se*, *see Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993), the Court presumes that Mr. Bowdoin did not file these motions on their behalf.

49, and, separately, to dismiss the Complaint for "lack of advance fair notice," Dkt. # 50. For the reasons set forth below, the Court will deny Mr. Bowdoin's motions.

Mr. Bowdoin moves to dismiss "for lack of jurisdiction under [Federal Rule of Civil Procedure] 60(b)(4)," pursuant to which the Court may relieve a party from a final judgment where such judgment is void. *See* Mot. to Set Aside Forfeiture and Dismiss ("Mot. to Set Aside") [Dkt. # 49] at 1; Fed. R. Civ. P. 60(b)(4). As there is no final judgment here, the cited rule is inapplicable. Mr. Bowdoin further alleges that the Court lacks jurisdiction because the action "must be treated as quasi-criminal" rather than civil. Mot. to Set Aside at 1. Although Mr. Bowdoin does not explain why this should deprive the Court of jurisdiction, the Court will construe *pro se* Claimant's motion as a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. In addressing such a challenge, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006); *Macharia v. United States*, 238 F. Supp. 2d 13, 19 (D.D.C. 2002). The United States has met this burden, correctly arguing that federal district courts have original jurisdiction to entertain federal civil forfeiture cases pursuant to 28 U.S.C. § 1355. *See* 28 U.S.C. § 1355(a); *United States v. All Funds in Account Nos. 747.034/278 (Banco Espanol de Credito)*, 295 F.3d 23, 26 (D.C. Cir. 2002).

Mr. Bowdoin further argues that because this action is "quasi-criminal" the Government should be required to prove its case by "clear and convincing" evidence rather than by a preponderance of the evidence. *See* Mot. to Set Aside [Dkt. # 49] at 2. A look at the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981, *et seq.*, demonstrates the fallacy of this argument. First, the Supreme Court has analyzed CAFRA and found that "there is little doubt that Congress intended these forfeitures to be civil proceedings," *United States v. Ursery*, 518 U.S. 267,

288 (1996), and that "there is little evidence . . . suggesting that forfeiture proceedings under . . . 18 U.S.C. § 981(a)(1)(A), are so punitive in form and effect as to render them criminal despite Congress' intent to the contrary." *Id.* at 290. Second, CAFRA mandates that the Government's burden of proof in a civil forfeiture case is by a preponderance of the evidence, not clear and convincing evidence. *See* 18 U.S.C. § 983(c)(1).

Mr. Bowdoin also argues that the Government violated his due process rights because he did not have fair notice that his conduct was illegal. *See* Mot. to Dismiss [Dkt. # 50]. This argument is flawed, as well. The Government alleges that Mr. Bowdoin committed wire fraud, which is proscribed by 18 U.S.C. § 1343. *See* Compl. ¶ 1. To the extent Mr. Bowdoin's argument is one of mens rea — that is, that he had no intent to defraud — he is free to make that argument to the factfinder in a criminal proceeding. To the extent he is arguing that he was unaware that his conduct was illegal, "[t]he rule that ignorance of the law will not excuse is deep in our law." *Lambert v. State of California*, 355 U.S. 225, 228 (1958) (internal citations and quotation marks omitted).

It may be, however, that Mr. Bowdoin intends to argue that 18 U.S.C. § 1343 is unconstitutionally vague. He cites a constitutional standard for vagueness, as set forth in *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926), but does not address how that standard applies to the wire fraud statute in his case. Regardless, this Court does not find the wire fraud statute to be unconstitutionally vague. The Tenth Circuit has stated:

> It is significant in this regard to note that mail fraud is a specific intent crime. The Supreme Court has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea. Although a specific intent requirement does not necessarily validate

> a criminal statute against all vagueness challenges, it does eliminate the objection that the statute punishes the accused for an offense of which he was unaware.

*United States v. Stewart*, 872 F.2d 957, 959 (10th Cir. 1989) (internal citation omitted). As the language of the wire fraud statute, 18 U.S.C. § 1343, mirrors that of the mail fraud statute, 13 U.S.C. § 1341, the Tenth Circuit's analysis holds true here. Furthermore, where a claimant raises a vagueness challenge, the Court considers the statute not on its face but as applied to the particular facts of the case. *See Chapman v. United States*, 500 U.S. 453, 468 (1991); *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). As the Government notes in its opposition, the Complaint alleges that Mr. Bowdoin operated a "Ponzi" scheme that promised its investors large returns but earned no true profits from which to pay them. *See* Gov'ts Opp'n [Dkt. # 57] at 4. Mr. Bowdoin does not dispute this fact in his motion to dismiss, but rather argues that he did not know his conduct was illegal. The wire fraud statute makes it clear that it is illegal to make false promises to individuals in order to induce them to invest money.

Finally, Mr. Bowdoin states that "[t]here has been no probable cause determination in this forfeiture." Mot. to Set Aside [Dkt. # 49] at 4. Under CAFRA, however, seizure is permitted for probable cause and pursuant to a valid search *or* where "a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 981(b)(2). Specifically, Supplemental Rule E(2)(a) requires the complaint to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able . . . to commence an investigation of the facts and to frame a responsive pleading." Supp. R. Certain Adm. & Mar. Cl. E(2)(a). Rule C(3)(a)(i) provides that, after reviewing the complaint, "if the conditions

for an in rem action appear to exist, the court must issue an order" for an arrest warrant for the property.  Supp. R. Certain Adm. & Mar. Cl. C(3)(a)(i).

The Government has complied with Rule E(2)(a) — the complaint describes the properties to be seized and explains in detail the alleged scheme of which they are believed to be a part.  *See, e.g., United States v. Seventy-Nine Thousand Three Hundred Twenty-One Dollars in United States Currency*, 522 F. Supp. 2d 64, 72 (D.D.C. 2007) (finding a complaint sufficient under Rule E(2)(a) where it "set[] forth the legal grounds supporting forfeiture and provides, in detail, the circumstances surrounding the seizure of the defendant currency, including the date, location, name of the [person from whom it was seized], and admissions he allegedly made about the funds to government officials.").  It follows that the Court was required to issue an arrest warrant in rem for the property in question.  *See* Supp. R. Certain Adm. & Mar. Cl. C(3)(a)(i).  The Court did so here. *See* Dkt. # 1.  Accordingly, Mr. Bowdoin's motion to set aside asset forfeiture and dismiss the complaint [Dkt. # 49] and motion to dismiss for lack of fair advance notice [Dkt. # 50] will be denied.


Date: September 18, 2009 _____/s/_____
ROSEMARY M. COLLYER
United States District Judge