KIDWELL, J. Pro Tem, dissenting.
I concur with the majority opinion and Justice Horton's dissent that Hall is guilty of the crimes charged.
However, this case also clearly raises the issue of whether Idaho's death penalty statute is unconstitutional, specifically if the aggravator provisions and limiting construction are unconstitutionally vague. Or to put it more simply, do the words "exceptional depravity" constitutionally limit the words "especially heinous, atrocious and cruel" when being interpreted by a jury. I respectfully suggest that this is just word salad. Vague words remain vague when more vague words are added.
Hall's briefing raises the issue of unconstitutional vagueness of the aggravating factors at issue in his case, as well as how that vagueness has been amplified by the transition from judge sentencing to jury sentencing. Specifically, Hall challenges the "heinous, atrocious or cruel, manifesting exceptional depravity" (HAC) aggravator and the "utter disregard" aggravator as unconstitutionally vague. Moreover, Hall argues that the limiting construction, "exceptional depravity" does not save the HAC aggravator from unconstitutional vagueness because it does not meaningfully narrow the class of people eligible for the death penalty. The majority found the aggravators and limiting construction constitutional. I respectfully disagree with the majority's analysis and find the aggravators and limiting construction unconstitutionally vague under the Eighth Amendment.
*1137 The sentence of death is reserved only for those convicted of first degree murder under special circumstances, and even then the death sentence is subject to close scrutiny. I.C. § 19-2515. Arguably, every person convicted of murder has committed a crime one would consider horrible, atrocious, and deserving of punishment. How do we decide, then, which convicted persons we will sentence to death? Over time, courts have considered "aggravating circumstances" which are factors a judge or jury consider when deciding whether someone should be sentenced to death. I.C. § 19-2515. "The purpose of the statutory aggravating circumstances is to limit to a large degree, but not completely, the fact finder's discretion." Walton v. Arizona , 497 U.S. 639, 718, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990), overruled on other ground by Ring v. Arizona , 536 U.S. 584, 585, 122 S.Ct. 2428 (2002). Unfortunately the "aggravating circumstances" that were originally developed to help guide a sentencer are often vague and provide more confusion than clarity.
The Supreme Court of the United States succinctly summed up the dilemma facing courts considering language that would impose the death penalty: "Claims of vagueness directed at aggravating circumstances defined in capital punishment statutes are analyzed under the Eighth Amendment and characteristically assert that the challenged provision fails adequately to inform juries what they must find to impose the death penalty." Maynard v. Cartwright , 486 U.S. 356, 361-62, 108 S.Ct. 1853 (1988). "[C]hanneling and limiting of the sentencer's discretion in imposing the death penalty is a fundamental constitutional requirement for sufficiently minimizing the risk of wholly arbitrary and capricious action." Id. at 362, 108 S.Ct. 1853. "[T]he proper analysis of a vagueness claim focuses on whether the challenged aggravating circumstance adequately informs the jury as to what it must find in order to impose the death penalty, or whether it leaves the jury with unchanneled discretion to make an arbitrary and capricious decision." Id. at 356, 108 S.Ct. 1853.
"[A]n aggravating circumstance must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder." Arave v. Creech , 507 U.S. 463, 479, 113 S.Ct. 1534 (1993). The Idaho aggravators at issue here provide, "[t]he murder was especially heinous, atrocious or cruel, manifesting exceptional depravity" and "[b]y the murder, or circumstances surrounding its commission, the defendant exhibited utter disregard for human life." I.C. §§ 19-2515(e), (f).
The Supreme Court, in Maynard , held that the aggravator "especially heinous, atrocious, or cruel" is unconstitutionally vague, as the word "especially" does not guide the jury. Maynard , 486 U.S. at 364, 108 S.Ct. 1853. "To say that something is 'especially heinous' merely suggests that the individual jurors should determine that the murder is more than just 'heinous,' whatever that means, and an ordinary person could honestly believe that every unjustified, intentional taking of human life is 'especially heinous.' " Id. (citing Godfrey v. Georgia , 446 U.S. 420, 428-29, 100 S.Ct. 1759 (1980) ).
In this case, Hall argues that Idaho's HAC aggravator is unconstitutionally vague. Indeed, like Maynard , where the use of the word "especially" before the word "heinous" did not save the HAC aggravator from unconstitutional vagueness, here, the aggravator contains no initial limiting words, and states only that the murder be "heinous, atrocious or cruel ... " I.C. § 19-2515(e). If the aggravator contained nothing more, it would seem under the Maynard line of reasoning that the HAC aggravator is clearly unconstitutionally vague.
However, the Idaho HAC aggravator goes on to add "[t]he murder was especially heinous, atrocious or cruel, manifesting exceptional depravity ." Id. (emphasis added). When an aggravator's language is unconstitutionally vague, it can still be upheld in the presence of a limiting construction. State v. Card , 121 Idaho 425, 435, 825 P.2d 1081, 1091 (1991). Here, the limiting construction is "manifesting exceptional depravity." I.C. § 19-2515(e). This has been defined as "to *1138 offend all standards of morality and intelligence." State v. Osborn , 102 Idaho 405, 418, 631 P.2d 187, 200 (1981). As discussed in the majority opinion, this limiting construction has been found to allow the entire aggravator to pass constitutional muster. "In Osborn , we adopted and applied limiting language applicable to the 'exceptional depravity' language in I.C. § 19-2515(g)(5) to ensure this particular aggravating circumstance would be 'sufficiently definite and limited to guide the sentencing court's discretion in imposing the death penalty.' " State v. Leavitt , 121 Idaho 4, 5, 822 P.2d 523, 524 (1991).
The addition of these three words, "manifesting exceptional depravity," has resulted in several Idaho cases upholding the constitutionality of the HAC aggravator, finding the final three words a limiting construction, saving the HAC aggravator from unconstitutional vagueness. Osborn , 102 Idaho at 405, 631 P.2d at 200. However, the cases finding that the limiting construction saves the HAC aggravator from unconstitutionality are misguided, as Maynard forecloses such an argument. How is the addition of "manifesting exceptional depravity" different than "especially heinous" that was found unconstitutionally vague in Maynard ? Here, as in Maynard , one could say, "[t]o say that something is '[manifesting exceptional depravity]' merely suggests that the individual jurors should determine that the murder is more than just '[depraved],' whatever that means, and an ordinary person could honestly believe that every unjustified, intentional taking of human life '[manifests exceptional depravity]' " Maynard , 486 U.S. at 364, 108 S.Ct. 1853 (citing Godfrey , 446 U.S. at 428-29, 100 S.Ct. 1759 ). The limiting construction here is no less vague than the one struck down in Maynard .
In Moore v. Clarke , the Eighth Circuit recognized this, and found that "exceptional depravity" is unconstitutionally vague. 904 F.2d 1226, 1233 (8th Cir. 1990).
The phrase 'exceptional,' which modifies 'depravity' in the challenged statute, is equally unhelpful to a sentencing body seeking objective standards to guide its discretion. 'Exceptional' carries vagueness and subjectivity to the same extent as 'especially,' a standard rejected by the Supreme Court when examining an Oklahoma aggravating circumstances statute similar to the one in issue here.
Id. at 1230.
Therefore, because the HAC aggravator is unconstitutionally vague, and the limiting construction of "exceptional depravity" is also unconstitutionally vague, I would hold the HAC aggravator is unconstitutional under the Eighth Amendment. Moreover, the "utter disregard" aggravator does not even contain the "exceptional depravity" limitation. It is difficult to see how the language could guide any sentencer, or limit the class eligible to receive the death penalty, as most consider any murder an "utter disregard" for human life. Therefore, I would also find the "utter disregard" aggravator unconstitutional, as it is vague and contains no limiting construction.
The majority's approach understates the magnitude of the transition from the judge as a sentencer, to the jury as a sentencer, and provides no legal basis for declining to reconsider case law that relied on judge sentencing as opposed to jury sentencing. Following the Supreme Court's decision in Ring , Idaho changed its capital sentencing approach to have a jury, rather than a judge, determine if aggravating circumstances warrant a punishment of death. 536 U.S. at 584, 122 S.Ct. 2428 ; I.C. § 19-2515(3)(b). "A state court's limiting construction can save a flawed statute from unconstitutional vagueness, and where the sentencer is a judge there is nothing wrong with presum[ing] that the judge knew and applied any existing narrowing construction." Arave , 507 U.S. at 480, 113 S.Ct. 1534 (emphasis added). When Idaho transitioned from having a judge do capital sentencing, to having a jury do capital sentencing, new policy implications arose that require us to revisit, and possibly overrule, prior decisions upholding the constitutionality of the aggravators with the limiting construction.
Case law upholding Idaho's death penalty scheme was premised on an experienced judge, rather than an inexperienced lay-person jury, doing the sentencing. One concern raised by the transition from judge to jury is the general lack of experience juries have with regard to sentencing, as compared to judges. Many jury members have not been *1139 involved in sentencing before, and are unfamiliar with the law and its implications. As the Supreme Court noted, "the members of a jury will have had little, if any, previous experience in sentencing, [and] they are unlikely to be skilled in dealing with the information they are given." Gregg v. Georgia , 428 U.S. 153, 192, 96 S.Ct. 2909 (1976). Because of the lack of experience, jurors need specific and detailed guidance on which murderers should receive the death penalty as opposed to only life in prison. The aggravators in Idaho do not provide such guidance, and result in the arbitrary, capricious and unconstitutional imposition of the death penalty.
In a capital case, sentencing is a matter of life or death. Requiring a lay-person jury with no experience in sentencing to weigh aggravating and mitigating circumstances will lead to unpredictable and inconsistent results. In Proffitt v. Florida , the Supreme Court stated, "judicial sentencing should lead, if anything, to even greater consistency in the imposition at the trial court level of capital punishment, since a trial judge is more experienced in sentencing than a jury, and therefore is better able to impose sentences similar to those imposed in analogous cases." 428 U.S. 242, 252, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). A judge as a sentencer will have more consistent results, as they are more familiar with the law and sentencing procedures. Because our prior case law upholding Idaho's aggravating circumstances primarily relied on judge sentencing, and Idaho now utilizes jury sentencing, those prior cases no longer support upholding Idaho's aggravating circumstances.
In sum, because the United States Supreme Court has held HAC aggravators to be unconstitutionally vague, and the limiting construction of "exceptional depravity" does not meaningfully narrow the class eligible for the death penalty, this provision in Idaho's death penalty scheme is unconstitutionally vague.
Therefore I would leave the sentence intact except for the imposition of the death penalty.