NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE J PERDUE,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>RALPH M. DIAZ, Acting Secretary for the California Department of Corrections and Rehabilitation,<br><br>        Respondent-Appellee. | No.   16-55793<br><br>D.C. No.<br>2:10-cv-08041-GW-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 12, 2018[**]
Pasadena, California

Before: WATFORD and OWENS, Circuit Judges, and ZIPPS,[***] District Judge.

Andre Perdue appeals from the district court's order denying his petition for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

a writ of habeas corpus. He argues that the state court's determination that his statute of conviction was not unconstitutionally vague was unreasonable under 28 U.S.C. § 2254(d)(1) and (2). We affirm.

At the time of Perdue's conviction, January 2009, California Penal Code § 12370(a) made it illegal for a person who had been convicted of a violent felony to possess "body armor," which the statute defined with reference to the California Code of Regulations. The regulation—title 11, section 942(e)—in turn defined "body armor" as "those parts of a complete armor that provide ballistic resistance to the penetration of the test ammunition for which a complete armor is certified." Perdue argues that, because of its highly technical definition of "body armor," the regulation gave insufficient notice of "what conduct [was] prohibited." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). As a person of ordinary intelligence, he contends, he had no way to know whether his particular vest constituted "body armor" under California law.

The state court's decision upholding the statute was not "contrary to" or "an unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Court has explained that "[o]bjections to vagueness . . . may be overcome in any specific case where reasonable persons would know that their conduct is *at risk*." *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) (emphasis added). In other words, "no more than a reasonable degree of certainty can be demanded. [It

is not] unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 340 (1952). The state court reasonably held that the regulation, by referring to "body armor" and a "bulletproof vest," gave Perdue the degree of certainty that due process requires. Whether or not an ordinary person would know that a particular vest was contraband, he or she would know that it was "perilously close." *Id.*

Nor was the state court's decision "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). The court remarked that it was "reasonable to infer that [Perdue] knew that his possession of the 'bulletproof vest' was a crime." That inference was reasonable: There was ample evidence that Perdue knew it was illegal for him to possess his vest.

**AFFIRMED.**