**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GABRIEL JOHN BRADWAY,
        *Petitioner-Appellant,*

        v.

MATTHEW CATE,* Secretary of the
California Department of
Corrections; EDMUND G. BROWN,
JR., ** Attorney General, State of
California,

        *Respondents-Appellees.*

No. 08-55296

D.C. No.
CV-07-0022-IEG-
POR

OPINION

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted
April 15, 2009—Pasadena, California

Filed December 3, 2009

Before: William C. Canby, Jr., Johnnie B. Rawlinson, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Canby

---

*Matthew Cate is substituted for his predecessor James Tilton, Secretary of the California Department of Corrections, pursuant to Fed. R. App. P. 43(c)(2).

**Edmund G. Brown, Jr. is substituted for his predecessor William Lockyer, Attorney General, State of California, pursuant to Fed. R. App. P. 43(c)(2).

15859

## COUNSEL

Matthew Braner, Deputy Public Defender, San Diego, California, for the petitioner-appellant.

Barry J. Carlton, Deputy Attorney General, San Diego, California, for the respondents-appellees.

## OPINION

CANBY, Circuit Judge.

Gabriel Bradway appeals the denial of his habeas corpus petition, alleging that the California special circumstances statute that enhanced his first degree murder sentence to life without the possibility of parole is unconstitutionally vague in violation of Due Process Clause of the Fourteenth Amendment. We affirm.

## INTRODUCTION

In 2001, Bradway was charged with first degree murder by means of lying in wait. The special circumstance of lying in wait was also charged, making Bradway eligible for a penalty of death or life imprisonment without the possibility of parole. *See* Cal. Penal Code §§ 189, 190.2(a)(15). In the trial court,

Bradway successfully moved to dismiss the lying in wait special circumstance as impermissibly vague, but the California Court of Appeal overturned that ruling and reinstated the special circumstance charge. *People v. Superior Court (Bradway I)*, 129 Cal. Rptr. 2d 324 (Cal. Ct. App. 2003). The appellate court found some overlap in the two statutes, but held that the lying in wait special circumstance required specific intent to kill, while the first degree murder statute did not. *Id.* at 333. Bradway was then convicted and sentenced to life without parole. Relief under the same vagueness claim was denied in subsequent state habeas proceedings and by the district court in this federal habeas action. The district court held that California sufficiently distinguished the lying in wait special circumstance from the the lying in wait first degree murder statute. It accordingly rejected Bradway's vagueness challenge. We review that decision de novo. *Reynoso v. Giurbino*, 462 F.3d 1099, 1108 (9th Cir. 2006). Because Bradway fails to demonstrate that the distinction drawn by California courts is either contrary to, or an unreasonable application of, clearly established federal law, we affirm.

## DISCUSSION

Bradway's vagueness challenge is primarily based on a specialized concept of vagueness most clearly defined by the Supreme Court in dealing with Eighth Amendment challenges to death penalties. To satisfy the Eighth Amendment, an aggravating factor that renders a defendant subject to the death penalty must reasonably distinguish his conduct from that of the general run of murderers not to be sentenced to death. *See Tuilaepa v. California*, 512 U.S. 967, 971-72 (1994). Bradway recognizes that he lacks standing for an Eighth Amendment death penalty challenge because he was not sentenced to death, *see Houston v. Roe*, 177 F.3d 901, 907-08 (9th Cir. 1999), so he presents his rather specialized vagueness challenge to California's special circumstance under the Due Process Clause.

**[1]** California Penal Code § 189 defines first degree murder as, among other things, "murder which is perpetrated by means of . . . lying in wait." Such first degree murder is punishable by death or life without parole if any special circumstance is found to be true. One such circumstance is that "[t]he defendant intentionally killed the victim by means of lying in wait." Cal. Penal Code § 190.2(a)(15). The identity of language between the first degree murder statute and the special circumstance naturally raises the question whether the special circumstance adequately distinguishes a subset of violators subject to a more severe penalty.

The special circumstance language did not always mimic so exactly that of first degree murder. In *Houston*, 177 F.3d at 907-08, we rejected a due process challenge similar to Bradway's, stating: "[T]he California legislature and courts have created a thin but meaningfully distinguishable line between first degree murder lying in wait and special circumstances lying in wait." That "thin" difference was that the language of the special circumstances statute at that time referred to murders committed "while" lying in wait, imposing a temporal requirement, and the first degree murder statute referred to murders committed "by means of" lying in wait, lacking such a requirement. *Id.* at 908. We held that this distinction was sufficient to define and differentiate the subset of defendants guilty of the special circumstance from the general run of defendants so that the special circumstance "does not encourage arbitrary enforcement, and is not unconstitutionally vague." *Id.* (footnote omitted); *see also Morales v. Woodford*, 388 F.3d 1159, 1174-78 (9th Cir. 2004) (upholding same special circumstance in death penalty case).

Just a year after *Houston*, however, California changed the language of the special circumstances statute from "while" to "by means of" lying in wait, thereby eliminating, Bradway argues, the only constitutionally significant distinction between the statute defining the crime and that defining the special circumstance.

**[2]** Yet *Houston* did not say that the temporal distinction between the two statutes was the only kind of distinction that could prevent unconstitutional vagueness. In *Bradway I*, the California Court of Appeal addressed the question whether the post-amendment "lying in wait" special circumstance merely duplicated the elements of first degree murder by lying in wait, and therefore failed to narrow the class of persons eligible for the death penalty or life without parole. It held that "the special circumstance remains distinguishable because it still requires the specific intent to kill, whereas first degree murder by lying in wait does not." *Bradway I*, 129 Cal. Rptr. 2d at 333. The question for the present appeal is whether this interpretation — that the distinction in intent sufficiently narrows the class of persons eligible for life without parole — was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). We cannot overturn the reasoning in *Bradway I* on habeas review "because of a conflict with Ninth Circuit-based law, but rather a writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." *Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir.1997) (quoting 28 U.S.C. § 2254(d)).

Bradway has offered, and we have found, no decision of the Supreme Court holding that a distinction in intent (or, indeed, any other distinction) fails to adequately narrow the class of first degree murderers to those properly eligible for a sentence of life without parole. Nor has the Supreme Court decided any other case that could reasonably support Bradway's due process claim of unconstitutional vagueness based on a failure to narrow the class subjected to more severe penalties.

The Supreme Court has held that "[o]bjections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk."

*Maynard v. Cartwright*, 486 U.S. 356, 361 (1988); *see also Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983) (invalidating as vague a statute that did not "define the criminal offense with sufficient definiteness [such] that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement"). The California appellate court cited the *Maynard* language when it held that Bradway's due process challenge failed because he would reasonably know that preparing to and committing murder in the way that he did would fall under the lying in wait special circumstance umbrella. *Bradway I*, 129 Cal. Rptr. 2d at 332-33. That holding was not a misapplication or misinterpretation of *Maynard*. Bradway considered murdering his victim for a month before doing so, gained entry to her apartment by pretending to need to use her computer, hid a hammer in his belt, and finally killed her when she had her back to him — nearly thirty minutes after first entering her apartment.

**[3]** Aside from notice concerns, the Supreme Court cases that have upheld vagueness challenges to sentencing enhancements involve statutory language that is not reasonably definite and that leaves room for discretion. *See e.g.*, *Maynard*, 486 U.S. 356 (invalidating "especially heinous, atrocious, or cruel" aggravating circumstance); *Godfrey v. Georgia*, 446 U.S. 420 (1980) (invalidating "outrageously or wantonly vile, horrible or inhuman" aggravating circumstance). Bradway does not claim, nor could he, that "lying in wait" is not definite as applied to his case; on the contrary, his argument essentially claims that the special circumstance is *definitely* the same as the first degree murder statute.

**[4]** Bradway accordingly has failed to show that the California courts violated or unreasonably applied federal law as determined by the Supreme Court. He therefore has not met the requirements of AEDPA, 28 U.S.C. § 2254(d), for issuance of a writ of habeas corpus.

The judgment of the district court denying Bradway's petition for a writ of habeas corpus is

**AFFIRMED.**