NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON SUTTON, | No. 08-35822 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01462-MJP |
| v. | |
| DOUG WADDINGTON, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted June 9, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

Washington prisoner Brandon Sutton appeals the district court's denial of

his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the district court's denial of Sutton's habeas petition. *See, e.g.*, *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case, so we may grant relief only if "the state court adjudication of the merits of a claim '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

We reject Sutton's argument that the information charging him with felony murder was constitutionally insufficient because it did not contain the elements of the three predicate felonies. As Sutton acknowledges, no Supreme Court case has addressed whether a felony murder charging document must state the elements of the predicate felony, so the state court's decision could not have been "contrary to" clearly established federal law as determined by the Supreme Court. Nor are we persuaded that the state court's decision was an unreasonable application of any of the Supreme Court cases upon which Sutton relies. *See, e.g.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Hamling v. United States*, 418 U.S. 87 (1974); *Cole v. Arkansas*, 333 U.S. 196 (1948). Sutton's reliance on our decision in *Kreck v.*

2

*Spalding*, 721 F.2d 1229 (9th Cir. 1983), also is unavailing. We cannot overturn a state conviction on habeas review on the basis of a conflict with Ninth Circuit law, *see, e.g.*, *Bradway v. Cate*, 588 F.3d 990, 992 (9th Cir. 2009), and *Kreck* has no persuasive value because it was decided before the enactment of AEDPA's deferential standard of review and its holding was not required by any clearly established Supreme Court precedent.

We also reject Sutton's claim that he was denied a fair trial as a result of prosecutorial misconduct during closing argument. Even if the prosecutor's remarks were improper, they did not render Sutton's trial so unfair that he was denied due process under the standards set forth in *Darden v. Wainwright*, 477 U.S. 168, 178-83 (1986), and *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974). The state court's decision was not contrary to or an unreasonable application of either *Darden* or *Donnelly*.

The district court's denial of Sutton's habeas petition is

**AFFIRMED.**