**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

|  |  |  |
|---|---|---|
| In re the Dependency of<br>M.M. (DOB: 03/06/2010), | ) ) ) | No. 69321-2-I |
| Minor Child. | ) ) ) ) | DIVISION ONE |
| MONICA GREVE, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | |
| STATE OF WASHINGTON<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES, | ) ) ) ) | UNPUBLISHED<br><br>FILED: May 6, 2013 |
| Respondent. | ) ) ) | |

Cox, J. — Monica Greve appeals the trial court's order terminating her parental relationship with her daughter, M.M. Greve argues that the statute governing the termination of parental rights, RCW 13.34.190, is unconstitutionally vague on its face because it fails to provide against arbitrary enforcement and for effective appellate review. We disagree and affirm the termination order.

Monica Greve gave birth to M.M. on March 6, 2010. Soon after her birth, the State removed M.M. from Greve's care. M.M. has not lived with Greve since March 2010. On October 2010, a court found M.M. dependent.

The Department of Social and Health Services filed a petition seeking termination of Greve's parental rights as to M.M. in March 2012. After a bench trial, the court terminated Greve's parental rights to M.M. in August 2012.

Greve appeals.

## DUE PROCESS AND RCW 13.34.190

Greve argues that RCW 13.34.190, which directs courts to terminate parental rights if it is in the best interests of the child, violates a parent's due process rights. We disagree.

We review the constitutionality of a statute de novo.[1] A statute is presumed to be constitutional.[2] A party challenging that presumption bears the burden of proving beyond a reasonable doubt that the statute is unconstitutional.[3]

"In any vagueness challenge, the first step is to determine if the statute in question is to be examined as applied to the particular case or to be reviewed on its face."[4] It is well-settled law that a vagueness challenge to a statute that does not involve First Amendment rights must be decided as applied to the particular facts of a case.[5] As a result, when a vagueness challenge to a statute does not

---

[1] In re Dependency of K.R., 128 Wn.2d 129, 142, 904 P.2d 1132 (1995).

[2] In re Interest of Infant Child Skinner, 97 Wn. App. 108, 114, 982 P.2d 670 (1999).

[3] In re Dependency of I.J.S., 128 Wn. App. 108, 115, 114 P.3d 1215 (2005).

[4] City of Spokane v. Douglass, 115 Wn.2d 171, 181, 795 P.2d 693 (1990).

[5] Maynard v. Cartwright, 486 U.S. 356, 361, 108 S. Ct. 1853, 100 L. Ed. 2d 372 (1988) ("Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis."); In re Welfare of H.S., 94 Wn. App. 511, 524-25, 973 P.2d 474 (1999) ("Since First Amendment freedoms are not involved, we consider only whether the statute is constitutional as applied."); In re Dependency of C.B., 79 Wn. App. 686, 689, 904 P.2d 1171 (1995) ("[U]nless First Amendment freedoms are involved, generally we will only consider whether a statute is constitutional as applied to the facts of the case.").

involve First Amendment interests, a facial challenge to the statute will not be considered.[6]

To terminate a parent-child relationship, Washington courts use a two-step process.[7] The first step of this analysis "focuses on the adequacy of the parents and must be proved by clear, cogent, and convincing evidence."[8] This step involves the six factors outlined in RCW 13.34.180.[9]

The second step, under RCW 13.34.190, requires that the court ascertain the best interests of the child.[10] The best interests of the child must be proved by a preponderance of the evidence.[11] Neither RCW 13.34.190 nor 13.34.180 defines the "best interests of the child." As the supreme court explained, "[w]ere the legislature to define the terms in question more precisely than it has already done, the result might well be an inflexibility that deterred rather than promoted the pursuit of the child's best interests."[12] Indeed, because every parental termination is intensely fact-specific, rigid criteria for establishing the best

---

[6] Douglass, 115 Wn.2d at 182.

[7] In re Welfare of A.B., 168 Wn.2d 908, 911, 232 P.3d 1104 (2010).

[8] Id. (footnote omitted).

[9] Id. at 911-12.

[10] Id. at 912.

[11] In re Dependency of J.A.F., 168 Wn. App. 653, 667, 278 P.3d 673 (2012).

[12] In re Welfare of Aschauer, 93 Wn.2d 689, 697-98 n.5, 611 P.2d 1245 (1980).

interests of the child are necessarily absent.[13]

Greve argues that without specific guidelines, RCW 13.34.190 lacks necessary standards that would provide uniform termination decisions. She also contends that it grants broad authority to interfere with parents' childrearing decisions without providing for effective appellate review. Thus, she argues that it should be declared void for vagueness.

But, Greve's challenge to the termination statute's "best interests" standard is a purely facial one. As we noted above, when a vagueness challenge to a statute does not involve First Amendment interests, a facial challenge to the statute will not be considered.[14] Greve fails to make any arguments regarding the application of these standards to her own circumstances, and thus presents no argument or facts to support an as-applied challenge. Nor does her facial challenge to RCW 13.34.190 involve First Amendment rights. Because such a facial challenge is not cognizable under the law of our state, Greve's argument fails.

We affirm the termination order.

_Cox, J._

WE CONCUR:

---

[13] Id.

[14] Douglass, 115 Wn.2d at 182.

4