IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

August 19, 2022 01:06 PM
SX-2021-CR-00132
TAMARA CHARLES
CLERK OF THE COURT



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,

Plaintiff,

vs.

BRIAN HENDERSON,

Defendant.

SX-2021-CR-132

CITE AS: 2022 VI SUPER 74U

**Appearances:**
**William A. Appleton, Jr., Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Yolan Brow Ross, Esq.**[1]
Office of the Territorial Public Defender
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Brian Henderson's (hereinafter "Defendant") motion to dismiss, filed on July 7, 2021. In response, the People of the Virgin Islands (hereinafter "People") filed an opposition and Defendant filed a reply thereafter.

### BACKGROUND

¶ 2    On May 10, 2021, the People filed a single-count information against Defendant charging him with having sexual relations with a detainee in violation of Title 14 V.I.C. § 667(a).[2] The

---

[1] Yolan Brow Ross, Esq. was the counsel of record at the time that the motion was filed, but she has since left the Office of Territorial Public Defender and is currently sitting as a magistrate judge in the Superior Court of the Virgin Islands. No subsequent notice of appearance has been filed for Defendant.

[2] Title 14 V.I.C. § 667 provides:

    (a) Any person who, when, being an employee working at a prison or detention facility, a contractor or employee of a contractor at a prison or detention facility, or a volunteer at a prison or detention facility,



information alleged that Defendant "did perpetrate an act of sexual intercourse with CF, an adult female inmate of the Golden Grove Correctional Facility, by penetrating her vagina with his penis." (Information.) According to the affidavit supporting probable cause for the arrest, police officer Teaclla Buckley stated: (i) on March 19, 2020, Chief Inspector Anthony Hector was present at the Wilbur H. Francis Command Police Station to file a police report in reference to an inmate being impregnated by a corrections officer; (ii) Chief Inspector Anthony Hector stated that he interviewed inmate CF and CF admitted that, at some point while CF was on a weekend furlough from January 24, 2020 through January 26, 2020, she had sex with corrections officer Brian Henderson at her residence in Mon Bijou; and (iii) based on the DNA analysis, there is a "99.99% certainty" that corrections officer Brian Henderson is the father of the aborted fetus.

¶ 3    On July 7, 2021, Defendant filed this instant motion to dismiss on the ground that Title 14 V.I.C. § 667(a) is unconstitutionally vague.

---

engages in consensual sexual relations with a person who is in the custody of a detention facility, is guilty of the crime of sexual relations with a detainee and shall be imprisoned not more than 10 years. This does not include any act done for a bona fide medical purpose or an internal search conducted in the lawful performance of an employee's duties.

(b) For the purpose of subsection (a), "sexual intercourse" means:

(1) Any act of physical union of the genitalia or anus of one person with the mouth, anus or genitalia of another person. It occurs upon any penetration, however slight. Ejaculation is not required; or

(2) Any act of cunnilingus or fellatio regardless of whether penetration occurs, Ejaculation is not required.

(A) "Cunnilingus" means any oral contact with the female genitalia.

(B) "Fellatio" means any oral contact with the male genitalia.

(c) For the purpose of subsection (a), "sexual penetration" means:

(1) The unlawful placement of an object, which includes any item, device, instrument, substance or part of the body, inside the anus or vagina of another person; or

(2) The unlawful placement of the genitalia or any sexual device inside the mouth of another person.

Title 14 V.I.C. § 677.

## STANDARD OF REVIEW

¶ 4    "The void-for-vagueness doctrine reflects the fundamental principle that, in order to comply with the requirements of due process, a statute must give fair warning of the conduct that it prohibits." *United States v. Fontaine*, 697 F.3d 221, 226, 57 V.I. 914 (3d Cir. 2012). "To satisfy due process, a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *LeBlanc v. People of the V.I.*, 56 V.I. 536, 540-41 (V.I. 2012) (citation omitted). In *Monelle v. People of the V.I.*, the Virgin Islands Supreme Court explained:

> First, the Supreme Court of the United States has emphasized that, when analyzing a statute, "[o]bjections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S. Ct. 1853, 100 L. Ed. 2d 372 (1988). Requirements under the Due Process Clause are satisfied if the statute at issue affords a "[p]erson of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited." *Brathwaite v. People*, 60 V.I. 419, 434 (V.I. 2014). Secondly, the void for vagueness doctrine focuses on the constraint imposed by a statute upon power of the government in enforcement: the law must not be so loosely worded as to encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983).

*Monelle*, 63 V.I. 757, 765-66 (V.I. 2015).

In other words, if a reasonable person "would know that their conduct puts them at risk of punishment under the statute" then a challenge for vagueness can be overcome. *Brathwaite*, 60 V.I. at 434. Nevertheless, "[n]otwithstanding the two requirements under the void for vagueness doctrine, in raising a challenge to a statute that does not involve First Amendment freedoms, defendants must first establish standing by demonstrating that the statute is vague as applied to the facts of the particular charge against them [and] [a] person whose conduct unequivocally falls

within a statute may not successfully challenge the same statute for vagueness." *Monelle*, 63 V.I.

at 766.

## DISCUSSION

¶ 5      In his motion, Defendant argued that "[t]his matter must be dismissed because V.I. Code

Ann. Tit. 14 § 667(a) is unconstitutionally vague as applied to the allegations herein and this matter

must be dismissed with prejudice. Defendant made the following assertions in support of his

argument: (i) "It is settled that, as a matter of due process, a criminal statute that 'fails to give a

person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the

statute,' or is so indefinite that 'it encourages arbitrary and erratic arrests and convictions,' is void

for vagueness."[3] (Motion 1-2); (ii) "The Supreme Court has long held '... that a statute which either

forbids or requires the doing of an act in terms so vague that men of common intelligence must

necessarily guess at its meaning and differ as to its application violates the first essential due

process of law....'"[4] (Id., at 2); (iii) "V.I. Code Ann. tit. 14 § 667(a) is void for vagueness as it

failed to sufficiently apprise him whether his alleged conduct was prohibited as a matter of law."

(Id.); (iv) "The phrase at the center of this constitutional challenge is 'person in custody of a

detention facility'" and "that the application of that phrase to the allegations herein did not provide

him with notice that the alleged conduct was unlawful." (Id., at 3); and (v) "The situs of the alleged

sexual relations was not Golden Grove, but "CF"'s residence" so "unlike in *Whyte*, while on

release "CF" was without all the trappings the court enumerated a person of ordinary intelligence

---

[3] Defendant referenced: *Colautti v. Franklin*, 439 U.S. 379, 390 (1979) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954) and *Papachristou v. Jacksonville*, 405 U.S. 156, 162 (1972)); *see also LeBlanc v. People*, 56 V.I. 536, 541 (V.I. 2012) (citations omitted).

[4] Defendant referenced: *United States v. Fontaine*, 2012 LEXIS 18202, *14 (3rd Cir. (V.I. August 28, 2012) quoting *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964)); *see also People v. Whyte*, 62 V.I. 95, 104 (Sup. Ct. Jan. 22, 2015).

would associate with a person in custody [and] [a]ccordingly, the statute fails to apprise a person of ordinary intelligence that "CF" under these circumstances fell within the meaning of 'a person in custody of a detention facility.'"[5] (Id., at 4.)

¶ 6    In their opposition, the People argued that Defendant's motion to dismiss should be denied. The People made the following assertions in support of their argument: (i) "There are two types of custody, physical and constructive." (Opp. 1); (ii) In *Whyte*, the court concluded that "the statute is not vague and cited one of the reasons as the fact that the incident took place in the correction facility," and "[t]herefore, the victim was in the physical control of the correction" facility." (Id.); (iii) "Title 3 V.I.C. § 375 clearly indicates that the Bureau of Corrections has general control over an inmate [and] [u]ntil and unless the inmate is released from the custody and control of the BOC, BOC remains responsible for that inmate."[6] (Id.); and (iv) "While the Defendant engaged in sexual intercourse with the inmate not at a correction facility but rather at the home of the inmate the inmate was still in the constructive control of the BOC [because] [a]lthough the inmate was out on work release she was still under the custody and care of the BOC and therefore this Defendant being a BOC employee was fully aware that his actions were in violation of the laws of the Virgin Islands." (Id., at 2.)

¶ 7    In his reply, Defendant argued that his motion to dismiss should be granted. Defendant made the following assertions in support of his argument: (i) "The People attempt to rephrase Mr. Henderson's constitutional challenge as whether C.F. was in BOC's custody"—to wit, "the question before the Court is not whether C.F was in custody, but whether V.I. Code Ann. tit. 14 §

---

[5] Defendant referenced: *Whyte*, 62 V.I. 95.

[6] The People referenced: *State v. Steveson*, 2015 Kan. App. Unpub. Lexis 757; *United Staes v. Lamell*, 2012 U.S. Dist. LEXIS 153424.

667(a) properly notified Mr. Henderson, under the facts alleged herein, that C.F. was in custody of a detention facility at the time of the alleged criminal conduct." (Reply 1); (ii) "In providing its own definition of "custody", the People... referenced cases from Kansas and Vermont; neither of which are binding in the Territory." (Id., at 2); and (iii) "Such an assumption [that no child is responsible for himself/herself] cannot apply herein where the statute does not elucidate that custody can exist when the trappings one would associate with criminal custody were not present." (Id.)

### A. Whether Defendant has Standing to Raise a Vagueness Challenge Regarding Title 14 V.I.C. § 667(a)

¶ 8    On May 10, 2021, the People sought to have Defendant arrested for having sexual relations with a detainee in violation of Title 14 V.I.C. § 667(a) and submitted police officer Teaclla Buckley's affidavit to support probable cause for the arrest. As noted above, the People alleged that Defendant had sexual relations with inmate CF at CF's residence in Mon Bijou at some point during CF's weekend furlough from January 24, 2020 through January 26, 2020.[7] Title 14 V.I.C. § 667(a), on its face, does not indicate whether "a person who is in the custody of a detention facility" includes a person who is away on a temporary furlough and not physically in the custody of a detention facility. As such, the Court finds that Defendant, by demonstrating that Title 14 V.I.C. § 667(a) is vague as applied to the facts of the particular charge against him, has established standing to challenge Title 14 V.I.C. § 667(a) for vagueness.

---

[7] Under Title 5 V.I.C. § 4508, "[t]he Director of Corrections shall promulgate regulations under which inmates, as part of a program looking to their release from the custody of the Bureau, or their treatment, may be granted temporary furloughs from an institution to visit their families or to be interviewed by prospective employers." Title 5 V.I.C. § 4508(d).

**B. Whether Title 14 V.I.C. § 667(a), as Applied to Defendant, is Unconstitutional under the "Void for Vagueness" Doctrine**

¶ 9    Defendant argued that the phrase "person in custody of a detention facility" in Title 14 V.I.C. § 667(a) is unconstitutionally vague so that neither Defendant, nor any other person of ordinary intelligence, could know that consensual sexual relations between him, a corrections officer, and inmate CF at CF's residence in Mon Bijou while CF was on a weekend furlough from January 24, 2020 through January 26, 2020 were criminally prohibited. The Court disagrees.

¶ 10    A plain reading of the language of Title 14 V.I.C. § 667(a), as applied to the allegations in this case, establishes that it is illegal for an employee working at a prison or detention facility "to engage[] in consensual sexual relations with a person who is in the custody of a detention facility." The statute does not define each and every term. The Virgin Islands Supreme Court has instructed that, "[i]n ascertaining the plain meaning of the words in the statute, we apply any specific definitions that are statutorily prescribed [and] [w]hen no statutory definition is provided, words that have an accumulated legal meaning will be given that meaning, and other words will be given their common, "dictionary," meaning." *Ubiles v. People of the V.I.*, 66 V.I. 572, 590 (V.I. 2017); *see* Title 1 V.I.C. § 42 ("Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language."). In this instance, Defendant is essentially only challenging the term "custody"—to wit, Defendant argued that Title 14 V.I.C. § 667(a) does not afford a person of ordinary intelligence a reasonable opportunity to understand that CF, while away on a temporary furlough, is a person under the custody of the detention facility. Black's Law Dictionary define "custody" as "[t]he care and control of a thing or person for inspection, preservation, or security." BLACK'S LAW DICTIONARY (11th ed. 2019); *see* WEBSTER'S II NEW COLLEGE DICTIONARY 285 (3d ed. 2005) (defining "custody" to mean

"[t]he act of right of guarding, esp. such a right granted by a court"). Putting this definition into the statute, an ordinary person of common intelligence could readily understand the phrase "person in the custody of a detention facility" to mean a person who is in the care and control of the detention facility for the term of incarceration, regardless of whether the person is on a temporary furlough since being on a temporary furlough does not mean the person is released from incarceration or discharged from the care and control of the detention facility; a furloughed inmate is still under the care and control of the detention facility.[8] None of the words used in the phrase "person in the custody of a detention facility" are confusing or ambiguous as applied to the allegations in this case. Thus, an ordinary person of common intelligence, reviewing Title 14 V.I.C. § 667(a), would know that it prohibits an employee of the detention facility, such as a corrections officer, from having consensual sexual relations with an inmate on a temporary furlough who remains in the care and control of the detention facility for the term of incarceration, which involves more than mere physical possession and geographic limitation.[9] The statute is not

---

[8] Interestingly, Defendant did not acknowledge in his motion that CF was on a weekend furlough from January 24, 2020 through January 26, 2020; instead, Defendant simply characterized it as a "release" from the detention facility.

[9] If the Legislature intended for Title 14 V.I.C. § 667(a) to only prohibit consensual sexual relations between an employee of the detention facility and a person who is in the actual, physical custody of the detention facility, then the Legislature could have easily included the term "actual" or "physical" before the term "custody" to disclose such an intent of physical possession and geographic limitation. *See e.g.*, Title 4 V.I.C. § 31(b)(2) ("Each of the justices shall have the power to issue writs of habeas corpus upon petition by or on behalf of any person held in **actual custody**, and may make such writs returnable before himself or before the Supreme Court or before any local court or judge thereof on behalf of any person held in custody.") (emphasis added); Title 11 V.I.C. § 1303(c) ("Any person who willfully removes, alters, or renders illegible any label affixed to a new motor vehicle pursuant to section 1302 of this chapter, or any endorsement thereon, prior to the time that such motor vehicle is delivered to the **actual custody** and possession of the ultimate purchaser of such new motor vehicle, shall be fined not more than $1,000 or imprisoned not more than one year, or both.") (emphasis added); Title 5 V.I.C. § 2544(b) ("Any physician, law enforcement officer or social worker of the Department of Social Welfare shall be authorized to take **physical custody** of a child when such authorized persons have probable cause to believe that the child is neglected or abused and the child is in imminent danger to that child's life or health.") (emphasis added). "The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction." *Wallace v. People of the V.I.*, 71 V.I. 703, 766 (V.I. 2019).

subject to arbitrary and discriminatory enforcement as a result. Thus, the Court finds that the phrase

"person in the custody of a detention facility" is not unconstitutionally vague.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendant's motion to dismiss, filed on July 7, 2021, is **DENIED.**

**DONE and so ORDERED this** 19th **day of August, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____

Court Clerk Supervisor

Dated: __8/19/2022__

HAROLD W.L. WILLOCKS
**Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 19, 2022 01:09 PM
SX-2021-CR-00132
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands v.**
**Brian A. Henderson, Sr.**

Case Number: **SX-2021-CR-00132**
Charges: **14 V.I.C. 667(a) - Sexual Relations with a Detainee as an Employee, Contractor, or Volunteer at a Prison or Detention Facility**

## NOTICE of ENTRY
## of
## <u>Memorandum Opinion and Order</u>

**To:** William A. Appleton, Jr., Esq.      H. Hannibal O'Bryan, Esq.

**Please take notice that on August 19, 2022**
a(n) **Memorandum Opinion and Order**
dated **August 19, 2022** was/were entered
by the Clerk in the above-titled matter.

**Dated:** **August 19, 2022**

**Tamara Charles**
**Clerk of the Court**

By:

**Iris Cintron**
**Court Clerk Supervisor**